UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAGGAR FREEMAN,

       Plaintiff,

-against-

CAPTAIN BUNCH, SUPERVISOR OF E.S.U.
COMMISSIONER N.Y.C. CORRECTIONS,
JOHN/JANE DOE, et al.,

       Defendants.

VERIFIED COMPLAINT



## ALL DEFENDANTS ARE BEING SUED IN THEIR OFFICIAL AND PERSONAL CAPACITY

### PRELIMINARY STATEMENT

Plaintiff Jaggar Freeman, pro se, comes before the Court with a Civil Rights complaint, pursuant to 42 U.S.C. § 1983, seeking compensatory, punitive, and momentary damages, as well as attorney fees, for retaliation, religious violation, use of unnecessary, excessive force, in violation of plaintiff's 1st, 8th, and 14th amendment rights.

### VENUE

The unlawful acts and violations occurred in the Southern District, venue is proper under 28 § U.S.C. §1391(b).

## PARTIES TO THIS ACTION

1. Plaintiff Jaggar Freeman, at all times mentioned thereafter, is a prisoner serving an indeterminate sentence in the New York State Department of Correctional and Community Supervision, (DOCCS) and is currently housed at Green Haven prison, located at 594 Route 216, Stormville, NY 12582.

2. Captain Bunnch, at all times relevant, was assigned as a Captain of the Emergency Security Unit, (ESU) and the defendant acting alone and/or in conjunction with other defendants, did contributed to the violation of plaintiff's constitutional rights, where said defendant knowingly and intentionally used unnecessary, excessive force, violating plaintiff's rights.

3. Commissioner of New York City Corrections, at all time relevant, was assigned as the commissioner of the New York City Department of Correctional Services, as was entrusted with the duty of care, custody, and control of all detainees, as well entrusted to ensure that the employees under his control and authority were adequately and properly trained, and defendant was aware of the excessive amount of unnecessary, use of force by his employees, as the correctional officials has a long history of abusing prisoners, using unnecessary force. The defendant failed to correct, and employ preventitive measures to ensure plaintiff's safety, as it is a custom, and practice of the correctional officials to brutally assault detainees without justification, and the commissioner being aware of this failed to take preventive measures and/or correct these violations by his employees, causing the violation of plaintiff's rights.

2

4. Jane/John does, at all time relevant to the herein, were assigned as officers/officials of the E.S.U, where these defendants, knowingly and intentionally employed unnecessary use of force on plaintiff, retaliating against plaintiff, cause the violation of his constitutional rights.

5. Director of E.S.U. John/jane doe, at all times relevant to the herein matter, was assigned as the Director of E.S.U., and were responsible for ensuring his officers/officials under his control and authority were adequately and properly trained, as the defendant was aware of the numerous use of force incidents by the E.S.U. officials/officers, and took no preventive measures to ensure these officials were properly trained, as there is a custom and culture for E.S.U. officials/officers using unnecessary, excessive force on detainees as well as state prisoners, and the Director allowed this custom and practice to continue, which contributed to plaintiff rights being violated.

## PREVIOUS LAWSUIT

6. None.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff filed grievances as well as complaints concerning the herein claims.

## STATEMENT OF FACTS

8. Plaintiff, due to his criminal case security level, was being transported to and from Court by the E.S.U., and is familiar with defendant Bunch. There was an incident that occurred while plaintiff was housed on Rikers Island, where the ESU search officers brutally assaulted plaintiff, sprayed him, leading plaintiff to file a grievance as well as complaint against these ESU search officers.

9. After plaintiff was brutally assaulted, he was being transported to court by defendant Bunch and other officials from the ESU. Defendant Bunch began threatening plaintiff concerning the complaint/grievance that he filed against Bunch's fellow officers/officials. Defendant Bunch told plaintiff that if he does not drop the grievance/complaints against Bunch's fellow officers who brutally assaulted plaintiff, plaintiff will get assaulted again. His exact words were, "If you don't drop that complaint you filed against my friends, you will get another ass whipping, worse than the last one." Defendant Bunch began laughing.

10. Defendant Bunch and other unidentified E.S.U. officials/officers frequently threatened plaintiff with physical assault if plaintiff does not drop his grievance/complaints. Plaintiff made his attorney, as well as family members aware of this, and this matter was addressed before the Judge that was assigned to plaintiff's criminal case.

11. Defendant Bunch, and other unidentified officers/officials frequently harassed plaintiff about his case, threatening plaintiff with bodily harm. Plaintiff made his attorney and the Court aware of this as well, also filing complaints and grievances with the Commissioner of New York City Corrections concerning defendants repeated unprofessional behavior.

12. On or about June 30, 2022, at approximately 6a.m., plaintiff was awakened by the housing unit officer who stated that plaintiff have to get dressed for court. Plaintiff explained that he does not have court until July 7, 2022. The officer stated, "Freeman, you have to go because the E.S.U., guys were waiting."

13. Plaintiff was taken to a part of the jail titled bookings where he spoke to an area supervisor, making the supervisor aware that he did not have court until July 7th, 2022, and did not want to go with the E.S.U., officers because he feared for his life, and made the supervisor aware of the physical threats that were made by the E.S.U. officials. The supervisor stated, "You have to go with the officers, there is nothing that can be done." Plaintiff refused to go to Court.

14. The area supervisor then began threatening plaintiff with a misbehavior report, explaining to plaintiff, that he was an inmate from Rikers Island, and Westchester County has no authority over Rikers Island and ESU.

15. Defendant Bunch, and other unidentified defendants were there. Plaintiff explained that he did not have Court until July 7th, 2022, defendant Bunch said that, he had an order for plaintiff to be produced, and if plaintiff does not have court, he will return plaintiff to the jail. Defendant Bunch stated, "you have no choice, you are coming with us no matter what you say."

16. Plaintiff was stripped searched, handcuffed, shackled, and placed in a van. On the way to Court, an unidentified defendant stated, "we got that ass now, we will show you what we do to people who complains about us and shoots cops."

17. Plaintiff arrived at Queens Court, the defendants spoke to the court personnel, who informed the defendants that plaintiff did not have Court. Once Defendant Bunch was made aware of that plaintiff did not have Court for the day, plaintiff requested to be returned to Westchester County jail.

18. Defendant Bunch and an unidentified defendant stated, "Shut the fuck up, and take this beating like a man." When plaintiff arrived at the holding pen, Bunch and the other unidentified defendants began dragging plaintiff into the holding pen by his shackles, and his dread-locks (Hair). The defendants commenced to brutally assault plaintiff by kicking him in the groin area, face, ribs, puling plaintiff's hair out, beating him all over his body until plaintiff passed out.

19. Plaintiff awoke in excruciating pain, requesting medical attention. Bunch and the other defendants began laughing at plaintiff stating, "I bet you wont write any more grievances against us." Plaintiff was handcuffed and shackled during the entire assault.

20. An hour later, defendant Bunch and other unidentified defendants came to the holding pen, and returned plaintiff to Westchester County jail. The officials at Westchester County jail observed the swelling, and bruises on plaintiff's persons, and notified the area supervisor after plaintiff made them aware of the brutal assault by defendant Bunch and other unidentified defendants.

21. The area supervisor escorted plaintiff to a room, questioned as to his appearance. Plaintiff explained to the supervisor, the brutal unwarranted, unnecessary, brutal assault, as well as the violation of his religious rights where the defendants pulled out plaintiff's dread-locks. Pictures were taken, and plaintiff was immedieately taken to the hospital due to concerns of plaintiff's medical condition, where he suffers from blood clots, and to treat plaintiff for his injuries. The incident was reported to the inspector general as well as the defendant, commissioner of corrections.

22. Upon information and belief, the E.S.U. officials were not properly trained, and/or supervised, even after numerous complaints from plaintiff's attorney, and his family members, as well as plaintiff himself, there were no preventive measures taken to prevent plaintiff from being assaulted.

23. Upon information and belief, defendants Commissioner of Corrections, the E.S.U. Director were aware of a repeated pattern of unnecessary, and excessive use of force being used by defendant Bunch and other E.S.U. officials/officers, as it was a practice and custom of using unnecessary, excessive force, where the defendants named and unidentified allowed a custom of unconstitutional practice, and were negligent in the supervision of defendant Bunch and other E.S.U. officers/officials.

24. Upon information and belief, defendant Commissioner of Corrections, and the E.S.U. director allowed a practice and custom of using unnecessary, excessive use of force on detainees, by the E.S.U. officials/officers.

25. Upon information and belief, defendant Commissioner of Corrections and the E.S.U. director had knowledge and were aware of numerous incidents of excessive force being used, as there are records of the numerous incidents with the E.S.U., officials/officers using unnecessary, excessive force.

26. Defendant Bunch, and other unidentified officials/officers from the E.S.U., was not properly trained and supervised, where the supervisors allowed, and continued a custom, practice of using unnecessary, excessive force.

27. Upon information and belief, since the creation of the ESU, there has been a extremely high volume of incidents where unnecessary/excessive force were employed by the officials/officers of ESU, as there are documentation that reflects the high volume of excessive force used, and there are also numerous complaints lodged against the ESU officials/officers for unnecessary/excessive use of force.

28. Defendant Commissioner and the Director of ESU had constructive notice of their employees from the ESU staff using unnecessary/excessive force, and failed to take any corrective and/or preventive measures, ensuring their employees were adequately and properly trained, as well as supervised.

29. Upon information and belief, there is a custom, pattern and practice of the ESU officials/officers, employing unnecessary/excessive force on detainees as well as State prisoners held in the City of New York's custody.

30. Defendant Commissioner and Director of ESU, should have ensured their employees from the ESU were adequately supervised, and properly trained in employing force, and the amount of force to employ. Had the defendants ensured that their ESU employees were adequately and properly trained, as well as supervised, the unnecessary/excessive force used against plaintiff would have never occurred. This practice and custom of employing unnecessary/excessive force could have been prevented by the defendant(s) simply ensuring the ESU officials/officers were adequately trained and supervised, taking all measures to correct the illegal practices and customs.

31. Defendant Commissioner and Director of ESU, further failed to ensure their ESU employees were adequately trained as to their legal duty to avoid violating detainees and State prisoners in their custody rights.

32. Plaintiff is a member of the Rastafarian faith, and the tearing, ripping out and cutting of plaintiff's dread-locks are a violation of his religious beliefs, and when the defendants named and unidentified, pulled plaintiff's dread-lock out, these defendants violated plaintiff's religious beliefs and rights.

33. Plaintiff received injury to his facial area, head, back, legs, his entire body, leaving him in excruciating pain and discomfort. Since the malicious, brutal assault by the defendants, plaintiff has reoccuring nightmares of being assaulted, leaving him unable to sleep, paranoid and in fear constantly, as well as having anxiety.

## FIRST CAUSE OF ACTION

Defendants Bunch, and other unidentified defendants, acting alone and/or in conjunction with each other, knowingly and intentionally retaliated against Plaintiff due to grievances/complaints plaintiff made against said defendants.

## SECOND CAUSE OF ACTION

Defendants Commissioner of New York City, and the Director of ESU, and or other unidentified defendants allowed their subordinates to retaliate against plaintiff, failing to take corrective and preventive measures, causing the violation of plaintiff's rights.

## THIRD CAUSE OF ACTION

Defendants Bunch and other unidentified defendants knowingly and intentionally violated plaintiff's religious rights, and beliefs when pulling plaintiff's dreadlocks out.

## FOURTH CAUSE OF ACTION

Defendant Bunch, and John/Jane does, acting alone and/or in conjunction with each other, did knowingly, intentionally , and with deliberate indifference used unnecessary, excessive force, violating plaintiff's rights.

## FIFTH CAUSE OF ACTION

Defendant Bunch, and John/Jane doe, acting alone and/or in conjunction wit each other, did knowingly and intentionally, with deliberate indifference, denied plaintiff access to medical care.

## SIXTH CAUSE OF ACTION

Defendant Commissioner of New York City, and Director of ESU, acting alone and/or in conjunction with each other failed to adequately supervise, and train their ESU employees in use of force, caused the violation of plaintiff's rights.

## SEVENTH CAUSE OF ACTION

Defendant Commissioner of New York City, and Director of ESU acting alone and/or in conjunction with each other, were made aware and had knowledge of the systematic, gross, inadequacies in supervising and training their employees, failing to take corrective, preventive measures, failed to ensure their subordinates were adhering to the policies, procedures, as well as directives and the rights of detainees, causing the violation of plaintiff's rights.

## EIGHTH CAUSE OF ACTION

Defendant Bunch, and other unidentified defendants, acting alone and/or in conjunction with each other, retaliated against plaintiff due to the grievances/complaints plaintiff made against the defendants, causing the violation of his rights.

## ACTION REQUESTED

Pursuant to Rule 8, subd. A[3] of the Federal Rules of Civil Procedures, by form of deliberate indifference, callousness, carelessness, and retaliatory acts of the defendants:

Plaintiff's state of present, as well as mental health is at risk due to the defendant's malicious retaliatory acts, causing the violation of plaintiff's religious beliefs and rights, as well as maliciously, and brutally beating plaintiff, ripping his dread-locks out, beating plaintiff all over his body, and facial are, leaving him in excruciating pain and discomfort, casing medical complications and issues with his back, head, causing plaintiff to suffer with mental anguish, emotional distress due to defendant's actions/inactions, and retaliation, violating plaintiff's First, Eighth and fourteenth Amendment rights.

Plaintiff seeks punitive damages in the amount of one-hundred thousand dollars ($100,000.00) from each defendant; Compensatory damages in the amount of One-hundred thousand dollars ($100,000.00) from each defendanta; plaintiff seeks legal fees for the filing of the herein complaint, as well as to pay the consultant agency plaintiff has retained to assist him in preparing the herein complaint.

Jury trial on all issues triable by jury.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: December 2024

State of New York )
                  )ss.:
County of Dutchess)

## VERIFICATION

Jaggar Freeman, being duly sworn, deposes and says:

that I am the Plaintiff in the within action, and I have read the foregoing 28 U.S.C. §1983 Civil Complaint and knows the contents thereof, to the plaintiff's own knowledge, except as to matters stated to be alleged upon information and belief, and as to those matters Plaintiff believed to be true.

sworn to before me this

16th day of December, 2024

NOTARY PUBLIC

JAGGER FREEMAN PLAINTIFF PRO SE