UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAGGER FREEMAN,

                         Plaintiff,

-against-

CAPTAIN BUNCH; SUPERVISOR OF ESU;
COMMISSIONER OF NYC CORRECTIONS;
JOHN/JANE DOE,

                       Defendants.

25-CV-0450 (AS)

ORDER OF SERVICE

ARUN SUBRAMANIAN, United States District Judge:

      Jaggar Freeman, who currently is incarcerated at Green Haven Correctional Facility, brings this action *pro se*. Freeman asserts claims under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. The complaint can also be liberally construed as asserting state law claims. By separate order, the court granted Freeman's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

### A.    New York City Department of Correction Commissioner

      Freeman asserts § 1983 claims against the Commissioner of the New York City Department of Correction (DOC), in an individual and official capacity. To state a § 1983 claim against a defendant in his or her individual capacity, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (affirming dismissal of individual-capacity claims against Warden where complaint did not sufficiently allege the Warden's personal involvement in

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

the alleged violation). In 2022, when Freeman's claims arose, the DOC Commissioner was Louis Molina. The Court construes Plaintiff's allegations that he filed "complaints and grievances with the Commissioner of New York City Corrections concerning defendants' repeated unprofessional behavior," Dkt. 1 ¶ 11, as bringing § 1983 claims against then-Commissioner Louis Molina in his individual capacity.

There is no "separate test of liability specific to supervisors." *Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020). To state a Fourteenth Amendment claim against former-DOC Commissioner Molina, Freeman must allege that he faced a serious risk and that Molina personally "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). Freeman's allegations that he sent letters and grievances are insufficient to state a claim that former-DOC Commissioner Molina personally recklessly failed to act despite the fact that he knew or should have known of a substantial risk of serious harm to Freeman. Freeman's Section 1983 individual-capacity claim is therefore dismissed for failure to state a claim on which relief can be granted, with leave to replead.

**B.    Service on Captain Bunch and DOC Commissioner**

The Clerk of Court is directed to notify the DOC and the New York City Law Department of this order. The Court requests that the following Defendants waive service of summons: (1) Captain Bunch; and (2) DOC Commissioner Lynelle Maginley-Liddie (for claims against her in her official capacity).

**C.    Unidentified Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Freeman supplies

sufficient information to permit the New York City DOC to identify the John or Jane Doe officers from the DOC Emergency Services Unit who, together with Captain Bunch, transported Plaintiff to the Supreme Court of the State of New York, Queens County, in the early morning on June 30, 2022.

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the New York City DOC, must ascertain the identity of each John or Jane Doe whom Plaintiff seeks to sue here and the address where the defendant may be served.[2] Plaintiff also seeks to identify and name the individual who, as of June 30, 2022, was the Director of the Emergency Services Unit. The New York City Law Department must provide all of this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the John or Jane Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete after receiving this information is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking Defendants to waive service.

**D.     Standard Discovery**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery

---

[2] If the Doe defendant is a current or former DOC employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, New York City Law Department must provide a residential address where the individual may be served.

requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Court construes Freeman's § 1983 claims against the DOC Commissioner as having been brought against former Commissioner Louis Molina, as to the individual-capacity claims, and against current Commissioner Lynelle Maginley-Liddie, as to the official-capacity claims. Plaintiff's Section 1983 claims against Louis Molina are dismissed for failure to state a claim on which relief can be granted, with leave to replead.

The Clerk of Court is directed (1) to mail an information package to Freeman, and (2) to electronically notify the New York City DOC and the New York City Law Department of this order. The Court requests that Defendants Captain Bunch and DOC Commissioner Maginley-Liddie waive service of summons and that the New York City Law Department respond to the *Valentin* order as directed. Local Civil Rule 33.2 applies to this action.

Dated:   August 28, 2025
         New York, New York

                                                _____
                                                ARUN SUBRAMANIAN
                                                United States District Judge

---

[3] Plaintiff may request copies of these discovery requests from the Pro Se Intake Unit.