UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAGGAR FREEMAN,<br><br>                           Plaintiff(s),<br><br>-against-<br><br>CAPTAIN BUNCH, SUPERVISOR OF<br>E.S.U. COMMISSIONER N.Y.C.<br>CORRECTIONS, JOHN/JANE DOE, et al.,<br><br>                         Defendant(s). | 1:25-cv-00450-AS<br><br>ORDER GRANTING<br>PRO BONO COUNSEL |

Arun Subramanian, United States District Judge:

The Court directs that the Clerk of Court seek pro bono counsel to enter a limited

appearance for the purpose of conducting discovery in the above-captioned action. Counsel will

file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to

represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases,

in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v.

Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when

deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does

believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has

no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to

represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310

(1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore

request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order

to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated August 25, 2025, ECF No. 7.) Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts a claim under 42 U.S.C. § 1983, alleging that he was dragged into a holding pen by his hair and shackles, and was "brutally assault[ed]" by correctional officers who "kicked[ed] him in the groin area, face, ribs" and more until he passed out. Dkt. 1 ¶ 18.

2

The plaintiff is a prisoner serving a sentence in the New York State Department of Correctional and Community Supervision, (DOCCS). The plaintiff alleges suffering from unnecessary and excessive force exacted upon him by defendants in violation of his First, Eighth, and Fourteenth Amendment rights. The Court finds that Plaintiff's claim is "likely to be of substance."[1] *Hodge*, 802 F.2d 61-62. The Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application. Plaintiff will need counsel to thoroughly and adequately advocate for him in this matter regarding the serious allegations in this case because the legal issues are complex.  In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

Given the early stage of the proceedings, the Court will request that counsel appear for the limited purpose of conducting discovery. In addition, pro bono counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order. In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event that the defendant(s) file(s) a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an

---

[1] For avoidance of doubt, the Court has not reviewed any evidence and does not suggest that Plaintiff is likely to succeed on the merits.

expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of discovery.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is granted. The Court advises Plaintiff that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Plaintiff to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney; the process can be aided by Plaintiff's prompt response to any outreach. As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, plaintiff should be prepared to proceed with the case pro se. The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. See https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Plaintiff must write to the Court by August 10, 2026 to deny a volunteer attorney to represent him. Otherwise, this order shall be in effect absent such writing by the plaintiff.

SO ORDERED.

Dated:   June 24, 2026
         New York, New York

Hon. Arun Subramanian
United States District Judge

4

5